IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **PHILLIP DARIUS CRAYTON,** | ) | Civil Action No. 7:12-cv-00279 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **KISER, et al.,** | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Phillip Darius Crayton, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names correctional and medical staff at the Red Onion State Prison ("ROSP") as defendants. This matter is before the court for screening, pursuant to 42 U.S.C. § 1997e. After reviewing plaintiff's submissions, the court dismisses the action without prejudice for presenting unexhausted claims.

## I.

Plaintiff complains that he has been on a hunger strike since June 15, 2012, but ROSP staff did not file a hunger-strike report. Plaintiff filed emergency grievances, dated June 20 and 21, 2012, to have staff file a hunger-strike report, repair his cell's intercom, and clean his cell, but staff did nothing. Plaintiff avers that he only has filed emergency grievances about the issues discussed in the complaint.

## II.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all available administrative remedies before filing a claim pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). See Woodford v. Ngo, 548 U.S. 81, 85 (2006) (stating that "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory"); Porter v. Nussle, 534 U.S.

516, 532 (2002) (stating that the PLRA applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); Booth v. Churner, 532 U.S. 731, 739 (2001) (finding that the PLRA requires administrative exhaustion prior to the filing of a federal civil rights suit even if the form of relief the inmate seeks is not available through exhaustion of administrative remedies). Pursuant to the PLRA, prisoners must not just initiate timely grievances but must also timely appeal any denial of relief through all levels of available administrative review. Woodford, 548 U.S. at 93 (holding that the PLRA requires "proper exhaustion" of institutional administrative remedies before filing any federal suit challenging prison conditions).

It is clear from plaintiff's submissions that he did not complete the administrative remedies procedures available to ROSP inmates before filing the instant complaint. Plaintiff has filed only emergency grievances, which are not steps to exhaustion under the Virginia Department of Corrections' ("VDOC") exhaustion policy.[1] The events described occurred within the past two weeks, and it is highly unlikely, if not impossible, to have exhausted all appeals within two weeks, pursuant to DOP 866.1.

A plaintiff is not required to plead administrative exhaustion in the complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007). However, the court must dismiss the complaint for failing to state a claim upon which relief may be granted if defendants file a motion to dismiss because of plaintiff's obvious failure to exhaust. Accordingly, it is in the interest of judicial economy, and

---

[1] The court takes judicial notice of VDOC DOP 866.1, which is available at http://www.vadoc.state.va.us/about/procedures/documents/800/866-1.pdf and is the exhaustion policy effective during the described events. See Fed. R. Evid. 201(b)(2) (permitting judicial notice of facts which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Perry v. Johnson, No. 3:10-cv-630, 2011 U.S. Dist. LEXIS 85431, 2011 WL 3359519 (E.D. Va. Aug. 3, 2011) (citing Bowler v. Ray, No. 7:07-cv-00565, 2007 U.S. Dist. LEXIS 88133, 2007 WL 4268915 (W.D. Va. Nov. 30, 2007)).

2

in plaintiff's own best interest, for the court to summarily dismiss this action without prejudice because if it is clear from plaintiff's own submissions that he has not exhausted administrative remedies.  See Brooks v. City of Winston-Salem, North Carolina, 85 F.3d 178, 181 (4th Cir. 1996) (stating sua sponte dismissal is proper when the face of the complaint clearly reveals the existence of a meritorious affirmative defense).

### III.

For the foregoing reason, the court dismisses the complaint without prejudice for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  June 28, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

3